IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND DURAN,
          Petitioner,

vs.                                    No. CV 15-00997 RB/LF

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

          Respondents.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, for preliminary consideration of Petitioner Raymond Duran's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (the "Petition"). (Doc. 1). This matter is also before the Court on the Court's Order Granting Application to Proceed *In Forma Pauperis* and to Show Cause entered November 10, 2015. (Doc. 4). Duran appears pro se and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In the Petition, Duran challenges his state conviction and sentence in State of New Mexico, County of Bernalillo Cause No. CR 2003-3485. Duran pled guilty to multiple counts of Criminal Sexual Penetration and Criminal Sexual Contact of a Minor. The Judgment of Conviction was entered by the state court on October 31, 2007. Duran did not appeal his conviction but, instead, filed a petition for writ of habeas corpus in the state court in June, 2013, almost six years after his conviction. The state habeas corpus petition was denied on September

1

16, 2013.  Duran then filed a Motion to Withdraw his Guilty Plea in January 2015, which the state court construed as a second habeas corpus petition and denied.  Duran petitioned the Supreme Court of the State of New Mexico for a writ of certiorari, which was also denied on October 13, 2015.  Duran then filed his Petition in this Court on November 4, 2015, eight years after judgment was entered on his conviction in state court.  (Doc. 1).

On November 10, 2015, this Court entered its Order Granting Application to Proceed *In Forma Pauperis* and to Show Cause, directing Duran to show cause why his Petition should not be dismissed as untimely (Doc. 4).   Duran filed his Response to U.S. Magistrate Judge's Order to Show Cause on December 7, 2015. (Doc. 5).  The Court determines Duran has failed to show cause and will dismiss the Petition as untimely.

The Court has the discretion to dismiss an in *forma pauperis* petition *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a petition *sua sponte* under rule 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend would be futile.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A petitioner must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Duran's Petition, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Dismissal of a habeas corpus petition under 28 U.S.C. § 2254 on the grounds that it is time-barred properly proceeds under rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001). The Petition may be dismissed for failure to state a claim upon which relief can be granted where the bar of the statute of limitations is apparent on the face of the Petition. See *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (noting that a complaint may be subject to dismissal under rule 12(b)(6) when an affirmative defense appears on its face).

As set out in the Court's November 10, 2015 Order, a one-year limitations period applies to applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run on either the date the judgment of conviction becomes final by direct review or on the date the time expires for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Duran had thirty days from October 31, 2007 to seek appellate review of his conviction under the New Mexico Rules of Appellate Procedure. See Rule 12-201 NMRA. When he did not seek review, his conviction became final on November 30, 2007.

In his Response to U.S. Magistrate Judge's Order to Show Cause, Duran advances two reasons why his Petition should not be barred by the one-year limitations period. First, Duran states that, following entry of the Judgment of Conviction, he was released on CCP with a five-year probation period. However, on May 18, 2010, his probation was revoked and Duran was sentenced to eighteen years of incarceration. The Court will construe Duran's Response as an argument that the running of the limitations period should be tolled by the probation and revocation proceedings.

In his Petition, however, Duran is claiming ineffective assistance of counsel in connection with his original guilty plea. He does not challenge the revocation of his probation. Where the claims are directed to the original conviction, an order revoking probation does not

affect the finality of the petitioner's original judgment and conviction for purposes of habeas corpus relief. *Williams v. Werholtz,* No. 09-3097, 2010 WL 4683983, at *1 (10th Cir. Nov. 12, 2010), citing *Wright v. Florida,* 2008 WL 1986184, at *4 (M.D. Fla. May 6, 2008). Further, even if the probation revocation proceedings tolled the running of the statute of limitations, the Petition was filed more than one year after the revocation order became final and would still be barred.

Second, Duran claims he is "a layman to the knowledge of law and cannot read or write." He has been trying to find a paralegal to assist him with his Petition since his incarceration in May of 2010, and finally located an inmate paralegal at the Otero County facility in July 2014. (Doc. 1, at p. 2). The Court construes Duran's second reason as an equitable tolling argument.

Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

Duran's lack of knowledge of the law and inability to find paralegal assistance do not equitably toll the time for filing of his habeas corpus petition. Further, even if the time was tolled until he found assistance, the filing would still be time-barred because Duran's Response indicates he found paralegal help sixteen months before he filed his Petition. Duran does not

demonstrate any extraordinary circumstances that would equitably toll the running of the limitation period.

Duran's § 2254 Petition is time-barred on its face under the provisions of 28 U.S.C. § 2244(d)(1). Therefore, the Petition fails to state a claim upon which relief can be granted. *Jones v. Bock*, 549 U.S. at 214-15. Because neither the Petition nor the Response to the Order to Show Cause establish any cause to excuse the untimely filing, allowing Duran an opportunity to amend would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. Therefore, the Petition will be dismissed for failure to state a claim upon which relief can be granted.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2254 Cases, that Duran has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

IT IS ORDERED that Petitioner Raymond Duran's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. 1) is dismissed with prejudice, a certificate of appealability is denied, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE